# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PENNY L. McGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:04 CV 00030 LMB |
| ) | |
| THOMAS W. WEBER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter arises from the Complaint of plaintiff Penny L. McGee alleging negligence by defendant Thomas W. Weber. This case was assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and was heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending before the court is plaintiff's Motion for New Trial. (Document Number 41). Defendant has filed Suggestions in Opposition to Plaintiff's Motion for New Trial. (Doc. No. 42).

## Background

Plaintiff Penny L. McGee sustained injuries on June 14, 1999, while she was operating an ATV. Plaintiff was traveling southbound on a county road, while defendant Thomas W. Weber was operating a tractor pulling a baler traveling northbound. Plaintiff contends that defendant's tractor was on her side of the road, which forced her to swerve to the left, where she hit a ditch and was thrown off of her ATV, striking defendant's baler.

In her Complaint, plaintiff alleges defendant was negligent in one or more of the following

ways: (a) defendant drove at an excessive speed; (b) defendant failed to keep a careful lookout; (c) defendant drove on the wrong side fo the road; (d) defendant could have avoided the injury to plaintiff by stopping, slowing or swerving; and (e) defendant negligently pulled a baler that was too wide for the road on which it was being pulled. Plaintiff states that as a direct and approximate result of defendatt's negligence, she sustained permanent and debilitating injuries to her right ankle, knee, leg, and arm, along with physical pain and mental anguish. Plaintiff sought damages in excess of $75,000 to compensate her for her injuries.

After a two-day jury trial, the jury found in favor of defendant, assessing 100% fault to plaintiff Penny L. McGee.

## Discussion

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 59. A district court has broad discretion to determine whether or not to grant a motion for new trial under Rule 59, and such determinations are accorded great deference. See Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995), Innovative Home Health Care, Inc., v. P.T. - O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). The Eighth Circuit Court of Appeals has long held that a new trial under Rule 59 is warranted only where "the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lack Industries, Inc. v. Ralston Purina Co., 327 F.2d 266, 273 (8th Cir. 1964)(quoting Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir. 1941)).

Plaintiff argues that she is entitled to a new trial because the jury verdict was against the weight of the evidence. Plaintiff states that the width of the road on which the accident occurred

was 18 feet, 6 inches wide, and the baler being pulled by defendant's tractor was 8 feet, 9 inches wide. Plaintiff next asserts that all of plaintiff's witnesses testified that defendant's tractor and baler were on plaintiff's side of the road, causing plaintiff to swerve. Finally, plaintiff states that highway patrolman Daniel Hinton indicated that it was likely that the baler was on plaintiff's side of the road. Plaintiff argues that, in light of this testimony, the jury's verdict assessing 100% of the fault of the accident to plaintiff was not supported by the evidence.

The undersigned finds plaintiff's argument unpersuasive. Plaintiff received a fair trial, during which she had the opportunity to present evidence to the jury. Plaintiff's witnesses did testify that defendant's tractor and baler were on plaintiff's side of the road. The jury, however, obviously found defendant's witnesses to be more credible. As defendant points out, although plaintiff cites Corporal Hinton's testimony in support of her position that the tractor and baler were on plaintiff's side of the road, Corporal Hinton only testified that it was possible that the tractor and baler could have been on plaintiff's side of the road. He did not claim to have personal knowledge of the position of defendant's actual tractor and baler. Further, there was evidence presented at trial that, even if the tractor and baler were partially on plaintiff's side of the road, plaintiff still could have avoided the tractor and baler without driving off of the road.

In conclusion, sufficient evidence was presented to support the jury's conclusion that plaintiff was solely at fault for the accident. The verdict was not against the weight of the evidence. Thus, plaintiff's Motion for New Trial (Doc. No. 42) will be denied.

## **ORDER**

**IT IS HEREBY ORDERED** that plaintiff's Motion for New Trial be **denied.**

Dated this ___1st___ day of August, 2005.

                                                                                           */s/ Lewis M. Blanton*
                                                                                           LEWIS M. BLANTON
                                                                                           UNITED STATES MAGISTRATE JUDGE